# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **ALEM WOLDEGHERGISH,** : | Case No. 1:25-cv-461 |
| : | |
| Petitioner, : | |
| : | Judge Susan J. Dlott |
| vs. : | |
| : | Magistrate Judge Karen L. Litkovitz |
| **ROBERT K. LYNCH, et al.,** : | |
| : | |
| Respondents. : | |

## REPORT AND RECOMMENDATION

Petitioner Alem Woldeghergish, a detainee at the Butler County Correctional Complex, in Hamilton, Ohio, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 4). He has named as Defendants Robert K. Lynch, Detroit District Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, Department of Homeland Security; Richard K. Jones, Sheriff, Butler County Sheriff's Office; and Nick Fisher, Warden, Butler County Correctional Complex. (*Id*.).

This matter is before the Court for consideration of Respondents Sheriff Richard Jones' and Warden Nick Fisher's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus. (Doc. 10). Woldeghergish filed a Response in Opposition on July 25, 2025. (Doc. 12). Any reply was due by August 1, 2025, (Doc. 11), but

Respondents filed no reply. For the following reasons, the Undersigned **RECOMMENDS** that Respondents' motion be **GRANTED**; that Respondents Sheriff Richard Jones and Nick Fisher be **DISMISSED** as Respondents in this matter; and that this Petition be **PERMITTED** to **PROCEED** against Respondent Robert K. Lynch.

Respondents Jones and Fisher argue that they are not Woldeghergish's custodian in this case and ask the Court to dismiss the Habeas Corpus Petition against Respondent Jones[1] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Citing *Roman v. Ashcroft, et al.*, 340 F.3d 314, 319-20 (6th Cir. 2003), they assert that the Immigration and Naturalization Services ("INS") District Director for the district where a detention facility is located has power over alien habeas corpus petitioners. (Doc. 10, at 42-43). These Respondents reason that even assuming Woldeghergish is entitled to the relief he seeks, they cannot grant it, since they are not the immediate custodian of Woldeghergish. (*Id*. at 43). The Undersigned agrees.

Section 2243, Title 28 U.S.C., requires the writ or order to show cause to be "directed to the person having custody of the person detained." In the context of a habeas corpus petition filed by a noncitizen detained in a local detention facility contracted by Immigration and Customs Enforcement ("ICE"), the United States Court

---

[1] Respondents presumably name only Jones here because the current Warden of BCCC is Kevin Grathwohl, not Nick Fisher. (Doc. 10, at 42, 43).

of Appeals for the Sixth Circuit has held that "although the warden of each detention facility technically has day-to-day control over alien detainees, the [DHS Field] Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners."[2] *Roman*, 340 F.3d at 320 (citing *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998). *See also Mbaye v. Price*, No. 2:11-cv-1015, 2012 WL 787017, at *2 (S.D. Ohio Mar. 9, 2012), *objections to Report and Recommendation sustained on other grounds*, 2012 WL 4364256 (S.D. Ohio Sep. 24, 2012) (denying motion to dismiss by ICE District Director because *Roman* holds that the [ICE] District Director for the district where a detention facility is located has power over alien habeas corpus petitioners); *Hango v. McAleenan*, No. 1:19-cv-00606, 2019 WL 7944352, at *2-3 (N.D. Ohio Nov. 13, 2019) (granting motions to dismiss by DHS Secretary, USAG, and County Sheriff because only the Field Director of the ICE Detroit Field Office is the proper respondent).

Woldeghergish does not really contest Respondents' motion. Although he initially argues against dismissing his Petition because misjoinder of parties is not a valid ground for dismissal under Fed. R. Civ. P. 21, he next asserts that "[i]t is indisputable that Respondent Robert K. Lynch is the proper Respondent." (Doc. 12, at 46 (citing *Roman*, 340 F.3d at 322)). He then asks "[i]n the alternative" that the Court "drop Respondents Sheriff Richard Jones and Warden Nick Fisher as a party if the

---

[2] The Department of Homeland Security ("DHS") is properly substituted for INS. *Roman*, 340 F.3d at 319 n.3.

3

Court deems them improperly joined." (Doc. 12, at 47). That is what the Undersigned recommends.

Pursuant to *Roman*, of the named Respondents in this case, only the Field Director of the ICE Detroit Field Office is the proper Respondent. It is thus **RECOMMENDED** that the Motion to Dismiss by Respondents Sheriff Richard Jones and Nick Fisher **be GRANTED**, and that Richard Jones and Nick Fisher **be DISMISSED** as Respondents in this action. It is **further RECOMMENDED** that the instant Petition be permitted to **proceed** against the proper Respondent, Robert K. Lynch, Field Director of the ICE Detroit Field Office.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another

party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO RECOMMENDED.**

August 5, 2025

KAREN L. LITKOVITZ
United States Magistrate Judge